**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **David Buono,** <br> **Plaintiff,** <br> **v.** <br> **Enhanced Recovery Company, LLC; and DOES 1-10, inclusive,** <br> **Defendants.** | **Civil Action No.:** 3:15-cv-146 <br> **COMPLAINT** <br> **February 4, 2015** |

**For this Complaint, the Plaintiff, David Buono, by undersigned counsel, states as follows:**

## JURISDICTION

**1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.**

**2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.**

**3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.**

## PARTIES

**4. Plaintiff, David Buono ("Plaintiff"), is an adult individual residing in North Haven, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).**

**5. Defendant Enhanced Recovery Company, LLC ("ERC"), is a Florida**

business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ERC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ERC at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

A. The Debt

8. Plaintiff allegedly incurred a financial (the "Debt") to AT&T (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ERC for collection, or ERC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. ERC Engages in Harassment and Abusive Tactics

12. Within the last year, ERC contacted Plaintiff in an attempt to collect the Debt.

13. During a conversation with ERC, Plaintiff informed the Collector that he had already repaid the Debt. Furthermore, Plaintiff sent documentation by fax

**to ERC which confirmed that the Debt had been fulfilled.**

**14. Despite this evidence, ERC continued to place collection calls to Plaintiff, without providing Plaintiff with validation of the Debt.**

**C. <u>Plaintiff Suffered Actual Damages</u>**

**15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.**

**16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.**

**<u>COUNT I</u>**

**<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>**

**17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**18. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.**

**19. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.**

**20. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.**

**21. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.**

**22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.**

**23. The Plaintiff is entitled to damages as a result of Defendants' violations.**

**COUNT II**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

**24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**25. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."**

**26. Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.**

**27. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced phone-calls.**

**28. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.**

**29. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be**

**considered highly offensive to a reasonable person.**

**30. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.**

**31. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.**

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

**32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**33. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).**

**34. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).**

**35. The Plaintiff is entitled to damages as a result of the Defendants' violations.**

## PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:**

1. **Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;**
2. **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;**

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Actual damages from the Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 4, 2015

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff